FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPRINGER DEVELOPMENT, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. DEAN, CHRISTINE MAE DEAN and ALL OTHER OCCUPANTS OF THE PREMISES LOCATED AT 7515 KOHLER RD., PASCO, WA 99301,<br><br>Defendants. | No.   4:15-CV-5111-SMJ<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court, without oral argument, is Plaintiff's Motion to Remand, ECF No. 4. In it, Plaintiff asks the Court to remand its unlawful detainer action back to state superior court on the ground that the Court has no subject matter jurisdiction. ECF No. 4 at 6. The Defendants did not respond to Plaintiff's motion.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Federal courts presume a cause lies outside its limited jurisdiction, and the burden to prove otherwise rests on the

ORDER **-** 1

party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377. There are two types of federal subject matter jurisdiction: (1) federal question and (2) diversity. 28 U.S.C. §§ 1331, 1332.

In the notice of removal, the Defendants claim that the Court has federal question jurisdiction over the case. ECF No. 1 at 2.

District courts have original, federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the Plaintiff's well-pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830 (2002). A defense that raises a federal question is inadequate to confer federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986).

The complaint filed in this case contains two claims: unlawful detainer and forcible detainer. Both of these claims arise under Washington state law. *See* Chapter 59.12 RCW. In their notice of removal, the Defendants assert that the Notice to Occupants to Vacate Premises failed to comply with 12 U.S.C. § 5220. This is, at most, a federal defense to foreclosure, which is ineffective to confer federal jurisdiction. *Merrell Dow Pharm.,* 478 U.S. at 808.

The Defendants do not assert that the Court has diversity jurisdiction over this action or attempt to carry their burden to show that the Court has diversity

jurisdiction.  Accordingly, the Court need not evaluate whether diversity jurisdiction exists.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion to Remand, **ECF No. 4**, is **GRANTED**.

**2.** The Clerk's Office is directed to **REMAND** the case to the Franklin County Superior Court and **CLOSE** this case.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of February 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge